Raymond Foss v. U.S. Marshals Service, et al., CV 08-1791 CTB

Order to Show Cause

Plaintiff Raymond Foss, a California prisoner proceeding pro se, filed a claim for damages in the United States District Court for the Eastern District of California under 42 U.S.C. § 1983 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) against various officials of South Carolina, California, and the United States. Foss alleges he was unlawfully extradited from South Carolina to California in violation of his extradition rights under Article IV, section 2, cl. 2 of the United States Constitution[1] (the Extradition Clause), 18 U.S.C. § 3182[2] (the federal extradition statute), and various extradition laws of South Carolina and California (collectively, the "extradition rights-based claims").[3] Foss names the following defendants in his Complaint: Unknown U.S. Marshals; Redding (California) Police Department Officer Todd Rowen; Fort Mill (South

---

[1] Article IV, section 2, cl. 2 provides: "[A] person charged in any State with Treason, Felony or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

[2] Section 3182 states: "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District, or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District, or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged."

[3] The Court addresses Foss's other claims in a separate Order.

Carolina) Police Department Lieutenant Charles Robinson; Fort Mill Police Department Corporal Wilkins; Fort Mill Police Department Sergeant Lucas; Fort Mill Police Department Officer Ervin; Fort Mill Municipal Judge L. Dan Malphrus, Jr.; and Unknown York County (South Carolina) Sheriff's Deputies.

I.  Standard of Review

Under the Prison Litigation Reform Act ("PLRA"), a federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1)–(2); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). A complaint may be dismissed for failure to state a claim "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Where a plaintiff proceeds pro se, the court must liberally construe the allegations in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

II. Waiver of Extradition Rights

Foss alleges he signed a waiver of extradition while he was in the custody of the Fort Mill Police Department. (Compl. 7.) A copy of the waiver of extradition is attached to his Complaint as Exhibit I. The waiver of extradition reads, in part:

> [W]ith full knowledge of my rights, I do hereby waive the issuance and service of a warrant of extradition, and do hereby waive all other procedures incidental to extradition proceedings, and do hereby voluntarily consent to return to the State of California and submit myself here and now to the custody of such legal authority as may be, or may have been designated to transfer and transport me from York County, South Carolina to the jurisdiction of the State of California, to face the said charges against me in that jurisdiction.

(Compl. Exh. I.) If Foss waived his extradition rights, he fails to state a claim

2

under the Extradition Clause, the federal extradition statute, and South Carolina's and California's extradition statutes. See Scull v. New Mexico, 236 F.3d 588, 596 (10th Cir. 2000) (holding that a person who signs a waiver of extradition has neither a constitutional nor a statutory right to specific extradition procedures). However, a waiver of constitutional rights is not valid unless it is "voluntarily, knowingly, and intelligently given." United States v. Doe, 155 F.3d 1070, 1074 (9th Cir. 1998). Therefore, the Court must dismiss Foss's extradition rights-based claims without leave to amend unless his waiver was not voluntarily, knowingly, or intelligently given.

III.   Order to Show Cause

Within thirty days of the date of this Order, Foss is ordered to show cause (if he has any) why the Court should not dismiss his extradition rights-based claims for failure to state a claim. In Foss's response to this Order, he must explain why he states a claim for violation of his extradition rights despite his waiver of those rights. All facts relied upon by Foss in his response must be based on his personal knowledge and proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746. The following text should appear at the end of the declaration: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." Id. If Foss intends to argue that his waiver was not voluntary, his declaration must contain specific facts to support such a finding. A conclusory statement that his waiver was not voluntary or that he was required to sign the waiver will not be sufficient.

Failure to comply with these requirements will result in the dismissal, with prejudice, of Foss's extradition rights-based claims for failure to prosecute and failure to comply with a court order.

Dated: March 25, 2010              /s/Carlos T. Bea
                                      Circuit Judge
                              Ninth Circuit Court of Appeals