Raymond Foss v. U.S. Marshals Service, et al., CV 08-1791 CTB

Order re 42 U.S.C. § 1983 Complaint

Plaintiff Raymond Foss, a California prisoner proceeding pro se, filed a claim for damages in the United States District Court for the Eastern District of California under 42 U.S.C. § 1983 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) against various officials of South Carolina, California, and the United States. Foss alleges he was unlawfully extradited from South Carolina to California in violation of his substantive due process and extradition rights. Foss names the following defendants in his Complaint: Unknown U.S. Marshals; Redding (California) Police Department Officer Todd Rowen; Fort Mill (South Carolina) Police Department Lieutenant Charles Robinson; Fort Mill Police Department Corporal Wilkins; Fort Mill Police Department Sergeant Lucas; Fort Mill Police Department Officer Ervin; Fort Mill Municipal Judge L. Dan Malphrus, Jr.; and Unknown York County (South Carolina) Sheriff's Deputies. The Court enters the following Order.

I.   Background

Foss filed his Complaint on August 4, 2008. (Docket No. 1.) The case was assigned to a magistrate judge and then a district court judge before being reassigned to Judge Carlos T. Bea of the Ninth Circuit, who sits by designation. (Docket No. 7.)

Foss's Complaint alleges as follows. On December 1, 2004, the Superior Court for Shasta County, California, issued a felony arrest warrant for Raymond Foss.[1] (Compl. 5 & Exh. E.) Officer Rowen—a Redding (California) Police Department employee—learned Foss was residing in Fort Mill, South Carolina. (Id. at 5.) On January 5, 2005, Officer Rowen contacted Lieutenant Robinson—a Fort Mill Police Department employee—and told him Foss was wanted by the

---

[1] The warrant listed the following charges: two counts of lewd or lascivious acts with a 14- or 15-year-old victim by a person who is at least 10 years older than the victim in violation of California Penal Code § 288(c)(1); one count of forcible sexual penetration in violation of California Penal Code § 289; and one count of continuous sexual abuse, in violation of California Penal Code § 288.5.

1

Redding Police Department and was living in Fort Mill. (Id.) Officer Rowen told Lieutenant Robinson that the Redding Police Department would extradite Foss to California if South Carolina authorities could apprehend him. (Id.)

Lieutenant Robinson "performed [a National Crime Information Center] check and obtained a copy of the California warrant via fax to confirm that Foss was sought by [the Redding Police Department]." (Id.) Then, he obtained a South Carolina fugitive arrest warrant from Judge Malphrus, a municipal court judge. (Id. at 6 & Exh. G.) The arrest warrant states that probable cause was based on the California felony arrest warrant. (Id. at Exh. G.)

On January 7, 2005, Corporal Wilkins, Sergeant Lucas, and Officer Ervin—Fort Mill Police Department employees—served the fugitive warrant on Foss at his Fort Mill residence. (Id. at 6.) They arrested Foss and transported him to the Fort Mill Police Department. (Id.) "Judge Malphrus, acting as an extension of law enforcement, confronted [Foss] while in the Police Department holding cell. Judge Malphrus presented [Foss] with a waiver of extradition and required that [he] sign the form." (Id. at 6–7.) Foss was then transported to the York County (South Carolina) Detention Facility. (Id. at 7.)

Sometime after January 18, 2005, deputies from the U.S. Marshals Service arrived at the York County Detention Facility to transport Foss to California. (Id.) At that time, "[t]he U.S. Marshals Service was not designated by the Governor of California to transfer and transport [Foss] from York County, South Carolina to [California]." (Id.) Nevertheless, York County Sheriff's Deputies "relinquished custody to the U.S. Marshals Service and [Foss] was subsequently transported to California." (Id.)

On September 8, 2005, Foss was convicted by a California jury.[2] (Id. at 9.) He is currently incarcerated at Mule Creek State Prison in California. (Id. at 3.)

II.  Application to Proceed *In Forma Pauperis*

On August 4, 2008, Foss filed an application to proceed *in forma pauperis*. (Docket No. 1.) Pursuant to 28 U.S.C. § 1915(a), Foss filed an adequate affidavit

---

[2] Foss's Complaint does not list the crimes for which he was convicted.

in support of his application, along with a certified copy of his prison trust account statement. (Docket No. 2.) Accordingly, the Court allows Foss to proceed in this matter *in forma pauperis*.

III.     28 U.S.C § 1915A Screening

Under the Prison Litigation Reform Act ("PLRA"), a federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1)–(2); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). Where a plaintiff proceeds pro se, the court must liberally construe the allegations in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

   A.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must allege sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. Even after Twombly, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (internal citations and quotation marks omitted). If the complaint fails to state a claim, the Court has discretion to dismiss the complaint with or without leave to amend. Lopez, 203 F.3d at 1124, 1130.

      1.     Substantive Due Process

Foss alleges each defendant violated Foss's substantive due process rights by participating in Foss's extradition to California. (Compl. 11.) The Court dismisses these claims, with leave to amend, for failure to state a claim.

"The touchstone of due process is protection of the individual against arbitrary action of government." County of Sacramento v. Lewis, 523 U.S. 833, 845 (1998) (citation omitted). "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense." Id. at 846 (citation and internal quotation marks omitted). A cognizable substantive due process claim requires conduct by law enforcement officials that "shocks the conscience." Id. (holding that an officer who pursues a suspect in a high-speed chase does not violate the suspect's substantive due process rights if the officer does not intend physically to harm the suspect). The conduct of law enforcement officials is likely to shock the conscience where it is "intended to injure in some way unjustifiable by any government interest." Id. at 849.

Here, Foss makes the following allegations:

- Foss alleges Officer Rowen violated Foss's substantive due process rights when Officer Rowen "made an unlawful request to South Carolina authorities, on behalf of the executive authority of the State of California, for [Foss's] arrest and extradition." (Compl. 9.) Foss alleges Officer Rowen also violated Foss's substantive due process rights when Officer Rowen requested Foss's arrest and extradition "with full knowledge [he] was held under criminal proceedings then pending against him in Florida."[3] (Id. at 10.)

- Foss alleges Lieutenant Robinson violated Foss's substantive due process rights when Lieutenant Robinson "accepted and acted on [Officer] Rowen's unlawful request for extradition without the requisite probable cause." (Id.)

- Foss alleges Corporal Wilkins, Sergeant Lucas, and Officer Ervin violated his substantive due process rights when they "failed to bring [Foss] before

---

[3] Foss had been charged in Florida with committing a sexual offense against a child and cruelty toward a child—both felonies. (Compl. Exh. C.) Foss alleges those charges were still pending when he was extradited to California. (Id. at 7.)

4

the issuing magistrate for arraignment after service of the 'fugitive' arrest warrant." (Id.)

- Foss alleges unknown York County Sheriff's deputies violated his substantive due process rights when they "released [him] to the care and custody of the U.S. Marshals Service when the U.S. Marshals Service was not . . . appointed [by the California Governor as an] agent of the State of California." (Id. at 11.)

- Foss alleges unknown U.S. Marshals Deputies violated his substantive due process rights when they "took custody of [him] and thereafter transferred and transported him from South Carolina to California without appointment from the Governor as transporting agent of the State of California." (Id.)

Foss fails to state a substantive due process claim with respect to any of the defendants because none of the alleged conduct shocks the conscience. Thus, the Court dismisses Foss's substantive due process claims with leave to amend.

### 2. Outrageous Governmental Misconduct

The Court dismisses, without leave to amend, Foss's claim the defendants engaged in "outrageous governmental misconduct" (Compl. 11)—a substantive due process violation—when they extradited him to California because the claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held a prisoner's claim for damages under § 1983 is not cognizable if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 486. Here, a judgment in favor of Foss on his outrageous misconduct claim would "necessarily imply the invalidity of his conviction or sentence" because California would have lacked jurisdiction to try him. Id.

Generally, a court has jurisdiction to try a defendant regardless of the manner in which he was brought before the court. United States v. Matta-Ballesteros, 71 F.3d 754, 762 (9th Cir. 1995) ("The Supreme Court has long held that the manner by which a defendant is brought to trial does not affect the government's ability to try him."). However, "a court is deprived of jurisdiction over an extradited defendant [if] . . . the United States government engaged in misconduct of the most shocking and outrageous kind to obtain his presence."

5

United States v. Anderson, 472 F.3d 662, 666 (9th Cir. 2006) (quoting Matta-Ballesteros, 71 F.3d at 764)) (internal quotation marks omitted). Here, California would have lacked jurisdiction to try Foss if, as he alleges, the defendants engaged in outrageous misconduct to obtain his presence in California. Therefore, a judgment in Foss's favor on his outrageous misconduct claim would imply the invalidity of his conviction, and Heck bars the claim.

### 3. Fourth Amendment Rights

The Court dismisses, with leave to amend, Foss's claim Lieutenant Robinson violated Foss's Fourth Amendment rights when Lieutenant Robinson "accepted and acted on [Officer] Rowen's unlawful request for extradition without the requisite probable cause." (Compl. 10.) Probable cause to arrest a suspect exists when an officer determines through the National Crime Information Center (NCIC) that an arrest warrant has been issued for the suspect. Case v. Kitsap County Sheriff's Dep't, 249 F.3d 921, 928 (9th Cir. 2001).[4] Here, Foss alleges Lieutenant Robinson "performed an 'NCIC' check and obtained a copy of the California warrant via fax to confirm that Foss was sought by [Officer] Rowen's agency." (Compl. 5.) Foss supports this allegation with an incident report attached to his Complaint in which Lieutentant Robinson explained he "confirmed that Foss was wanted [by the] Redding [Police Department] via an NCIC check as well as a faxed copy of the arrest warrant from that agency." (Id. at Exh. F.) Because probable cause existed to support Foss's arrest, he fails to state a Fourth Amendment claim against Lieutenant Robinson. Thus, the Court dismisses this claim with leave to amend.

### 4. Sixth Amendment Rights

The Court dismisses, with leave to amend, Foss's claim Corporal Wilkins, Sergeant Lucas, and Officer Ervin violated his Sixth Amendment rights when they "failed to bring [him] before the issuing magistrate for arraignment after service of the 'fugitive' arrest warrant." (Compl. 10.) Even if the Court assumes the Sixth

---

[4] The NCIC is "a national criminal records data system administered by the Federal Bureau of Investigation." Case, 249 at 923. "NCIC contains criminal history information, including outstanding arrest warrants, and is available to police departments nationwide." Id.

6

Amendment requires an arresting officer to take an arrestee before the magistrate who issues the warrant, Foss fails to state a Sixth Amendment claim against these defendants. Foss was taken before Judge Malphrus the same day Foss was arrested. (Compl. 6–7.) Although Judge Malphrus "confronted [Foss] while in the Police Department holding cell" instead of a courtroom (id.), the Constitution does not require that interactions between judges and arrestees take place in courtrooms. Cf. Lo-Ji Sales, Inc. v. New York, 442 U.S. 319, 328 n.6 (1979) ("We do not suggest . . . that a 'neutral and detached magistrate,' loses his character as such merely because he leaves his regular office in order to make himself readily available to law enforcement officers who may wish to seek the issuance of warrants by him." (internal citation omitted)).

Foss alleges Judge Malphrus was "acting as an extension of law enforcement" (id. at 6), but that conclusory allegation is not sufficient to permit the Court to infer that Judge Malphrus had abandoned his role as a neutral and detached magistrate.[5] See Iqbal, 129 S. Ct. at 1949 (explaining that a pleading fails to meet the requirements of Federal Rule of Civil Procedure 8(a)(2) if it offers mere labels and conclusions). Unlike factual allegations, conclusory allegations are not entitled to a presumption of truth. Id. at 1950. In order to state a claim, Foss was required to allege facts that would "allow[ ] the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." Id. at 1949. Foss fails to allege such facts in his Complaint. Although the Court must liberally construe the facts alleged in Foss's Complaint, see Erickson, 551 U.S. at 94, Foss's conclusory allegation that Judge Malphrus acted as an extension of law enforcement is not entitled to a presumption of truth, see Iqbal, 129 S. Ct. at 1950. Therefore, Foss fails to state a Sixth Amendment claim against Corporal

---

[5] In the context of the Fourth Amendment, the Supreme Court has explained "[w]hatever else neutrality and detachment might entail, it is clear that they require severance and disengagement from activities of law enforcement." Shadwick v. City of Tampa, 407 U.S. 345, 350 (1972). In Shadwick, the Court held a magistrate was sufficiently neutral and detached where there was no allegation he was "connect[ed] with any law enforcement activity." Id. Similarly, Foss's allegation that Judge Malphrus confronted Foss in his holding cell does not show Judge Malphrus was connected with law enforcement activity.

7

Wilkins, Sergeant Lucas, and Officer Ervin.[6]

        5.        Extradition Rights

The Court addresses Foss's allegations that the defendants violated his extradition rights in a separate Order to Show Cause.

        B.        Immunity

Foss alleges Judge Malphrus violated Foss's Fourth Amendment, substantive due process, and extradition rights when Judge Malphrus "issued a fugitive arrest warrant for [Foss] without verifying . . . [w]hether [Foss] was 'formally' charged with an alleged crime in the demanding state, whether he was present in the state at the time of the alleged crime, whether [he] refused to return voluntarily, and whether the California warrant was based on an affidavit or on 'information and belief.'" (Compl. 10–11.) Foss also alleges Judge Malphrus "did not consider and set bail based on similar South Carolina crimes but instead set bail at the amount determined by California." (Id. at 11.) Finally, Foss alleges Judge Malphrus did not "keep[ ] a record of the whole proceedings before him and [did] not transmit[ ] a copy to the Governor of the State." (Id.) The Court dismisses, without leave to amend, Foss's claims against Judge Malphrus because Foss is seeking monetary relief from which Judge Malphrus is immune.

The Court is required by the PLRA to "dismiss any claims that . . . seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2). A judge is entitled to absolute immunity so long as he (1) performed a judicial act, and (2) did not act in the clear absence of jurisdiction. Franceschi v. Schwartz, 57 F.3d 828, 830 (9th Cir. 1995). Here, Judge Malphrus—a judge employed by the municipality of Fort Mill, South Carolina (Compl. 4.)—is entitled to absolute immunity. First, the acts Foss alleges Judge Malphrus performed were judicial acts. He issued a fugitive arrest warrant and set bail for Foss. Second, he did not act in the clear absence of jurisdiction.

---

    [6] Even if Foss had intended to state a Fourteenth Amendment due process claim, his claim would fail for the same reason: Foss was taken before Judge Malphrus the same day Foss was arrested.

8

IV. Conclusion

IT IS HEREBY ORDERED:

1. Foss's application to proceed *in forma pauperis* is granted.

2. Foss fails to state a cognizable substantive due process claim against defendants Rowen, Robinson, Wilkins, Lucas, Ervin, unknown York County Sheriff's Deputies, and unknown U.S. Marshals Deputies. Those claims are dismissed with leave to amend.

3. Foss's claim that defendants engaged in outrageous governmental misconduct is dismissed without leave to amend.

4. Foss fails to state a cognizable Fourth Amendment claim against defendant Robinson. That claim is dismissed with leave to amend.

5. Foss fails to state a cognizable Sixth Amendment claim against defendants Wilkins, Lucas, and Ervin. That claim is dismissed with leave to amend.

6. Foss's claims against defendant Malphrus are dismissed without leave to amend.

7. If Foss wishes to file an amended complaint, he shall file a motion to amend and a proposed amended complaint within sixty days of this Order. Failure timely to comply with this Order may result in dismissal of this action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Dated: March 25, 2010                    /s/Carlos T. Bea
                                          Circuit Judge
                                   Ninth Circuit Court of Appeals